UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| **WARD JACKSON** | **CIVIL ACTION NO. 3:13-cv-2723** |
| **LA. DOC #101004** | |
| **VS.** | **SECTION P** |
| | **JUDGE DONALD E. WALTER** |
| **WARDEN BURL CAIN** | **MAGISTRATE JUDGE KAREN L. HAYES** |

**MEMORANDUM ORDER**

On September 18, 2013, *pro se* petitioner Ward Jackson filed the instant petition for writ of *habeas corpus* pursuant to 28 U.S.C. §2254. Petitioner is an inmate in the custody of Louisiana's Department of Corrections. He is incarcerated at the Louisiana State Penitentiary. Petitioner attacks his 2005 conviction for second degree murder and the life sentence imposed thereafter by the Sixth Judicial District Court, Madison Parish. He also seeks a stay of the instant proceedings to enable him to exhaust state court remedies with regard to some of his federal *habeas* claims. This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court.

*Statement of the Case*

Petitioner was found guilty as charged of second degree murder; the mandatory sentence of life without benefit of parole was thereafter imposed on June 14, 2005. He appealed arguing the following assignments of error: (1) the trial court erred in ruling that the state's case agent's notes were work product and thus not subject to discovery without first making an in camera inspection of the notes to determine whether there existed any exculpatory evidence; and, (2) the

trial court erred in denying petitioner's motion for a new trial based upon the change in testimony of a witness. His conviction was affirmed by the Second Circuit Court of Appeals on April 12, 2006. *State of Louisiana v. Ward Jackson*, 40,949 and 40,950 (La. App. 2 Cir. 4/12/2006), 926 So.2d 815.

He filed a pro se writ application in the Louisiana Supreme Court on May 3, 2006, arguing the same claims raised in the appeal. [Doc. 7-1, Exhibit 1, pp. 1-21] His application for writs was denied by the Louisiana Supreme Court on December 15, 2006. *State of Louisiana v. Ward E. Jackson*, 2006-1511 (La. 12/15/2006), 944 So.2d 1272. [See also Doc. 7-1, Exhibit 1, p. 22] He did not seek further direct review in the United States Supreme Court. [Doc. 1, ¶9(h)]

On July 18, 2007, he filed a *pro se* application for post-conviction relief and a motion for discovery in the Sixth Judicial District Court.[1] His application for post-conviction relief raised the following claims: (1) ineffective assistance of counsel/conflict of interest; (2) the denial of petitioner's motion for continuance violated due process; (3) the coroner presented perjured testimony when he testified that he performed the autopsy on the victim; (4) prosecutorial misconduct – referring to the defendant's failure to testify during closing arguments; (5) ineffective assistance of counsel – (a) when counsel informed jurors that petitioner was on parole; (b) counsel failed to file writs when the motion to continue was denied; (c) counsel failed to hire a forensic expert; and, (d) counsel misled petitioner and misrepresented material facts; and, (6) petitioner was denied the right to a public trial. [Doc. 7-1, Exhibit 2, pp. 23-61] The

---

[1] In support of his claim that he filed his application for post-conviction relief on July 18, 2007, petitioner provided a copy of the "Inmate's Request for Legal/Indigent Mail" dated July 18, 2007, and indicating that items were mailed to the Clerk of Court and the District Attorney of the Sixth Judicial District. [Doc. 7-1, Exhibit 2, pp. 65-66]

Motion for Discovery [Doc. 7-1, Exhibit 2, pp. 62-64] sought information concerning payments made to Dr. McCormick and a description of the services rendered by him to the various Parishes.  On August 2 and again on August 7, 2007, the Court ordered the State to show cause why petitioner's discovery motion should not be granted. [Doc. 7-1, Exhibit 3, pp. 67-68]

The District Court denied the motion for discovery.[2] Petitioner applied for writs in the Second Circuit Court of Appeals in a proceeding assigned Docket Number 43180-KH. He argued that the trial court erred in denying his motion for discovery. [Doc. 7-2, Exhibit 4, pp. 1-10] On December 20, 2007, the Second Circuit denied writs and noted, "The trial court did not err in denying applicant's motion for discovery and request to issue subpoena duces tecum. In order to constitute perjury, the false statement must relate to a matter material to the issue or question in controversy. La. R.S.14:123. The applicant has failed to meet this requirement as Louisiana law allows a coroner to testify as to the victim's death or the cause thereof, even where the testifying witness did not perform the autopsy or prepare the report. *State v. Garner*, 39,731 (La. App. 2d Cir. 9/8/05), 913 So.2d 874. In any event, there is no reasonable likelihood that the alleged false testimony would have affected the outcome of the trial." *State of Louisiana v. Ward E. Jackson*,

---

[2] Petitioner has provided a transcript that is dated August 15, 2007. However, the Court Reporter's Certificate states, "That the hearing was heard in the East Carroll Parish Courthouse, Lake Providence, Louisiana, on the 23rd day of February, 2007." In any event, the transcript demonstrates that petitioner was not present and the Court denied his motion as follows, "... Mr. Jackson did not attach any argument to his motion. Although, he did make some argument within the motion itself which the Court has reviewed. Mr. Jackson was well represented at his trial for second degree murder. Dr. McCormick, as I recall, testified and he was subjected to thorough cross-examination. His testimony was all admissible in accordance with the applicable case law and statutory law. Based upon that, Mr. Jackson's present motion for discovery and for subpoenas to be issued to the various office is not permissible. He has failed to bring up these issues at his regular post conviction petitions or else they had been adequately addressed at that time. Based on those reasons and the arguments of the State, the motion for Ward Jackson is denied." [Doc. 7-1, Exhibit 3, pp. 69-72]

No. 43180-KH. [Doc. 7-2, Exhibit 5, p. 11]

On January 7, 2008, he filed a writ application in the Louisiana Supreme Court seeking review of the Court of Appeals' judgment. [Doc. 7-2, Exhibit 6, pp. 12-25] The Supreme Court denied writs without comment on October 24, 2008. *State of Louisiana ex rel. Ward E. Jackson v. State of Louisiana*, 2008-KH-0314 (La. 10/24/2008), 992 So.2d 1031. [Doc. 7-2, Exhibit 6, p. 26]

Thereafter petitioner believed that the application for post-conviction relief remained pending in the Sixth Judicial District Court. In the months that followed he corresponded with the Clerk of Court and Judicial Administrator requesting the status of his application. [See Doc. 7-2, Exhibit 7, p. 27 (letter to Clerk of Court dated April 18, 2008); 28 (letter to the Clerk of Court dated November 12, 2008); 29 (letter to the Clerk of Court dated March 4, 2009); 30 (letter to the Clerk of Court dated June 10, 2009).

Thereafter, on some unspecified date, a member of petitioner's family contacted the Clerk of Court by telephone and was advised that there was no application for post-conviction relief on file in the Clerk of Court's Office. On July 23, 2009, petitioner was advised by the Clerk to re-file a copy of the application, memorandum, and exhibits. [Doc. 7-2, Exhibit 8, p. 31] Petitioner did so on August 3, 2009, and included a cover letter with mail room receipts showing the original mailing date. [Doc. 1-2, p. 7; Doc. 7-2, Exhibit 9, p. 32]

Months later, petitioner began corresponding with the Clerk in an effort to obtain the status of this second filing. Again, he claims to have received no response. On September 29, 2010, he wrote the Judicial Administrator of the Sixth Judicial District and the Judicial Administrator of the Supreme Court complaining that his application was not being handled

expeditiously. [Doc. 7-2, Exhibit 10, pp. 33-34]

Thereafter, on November 16, 2010, the District Judge denied the application as "procedurally barred" and "untimely filed." [Doc. 7-2, Exhibit 11, p. 35]

On some unspecified date petitioner retained attorney Kate Bartholomew. On some unspecified date she filed a Supplemental and Amended Application for Post-Conviction Relief which re-urged and expanded the original post-conviction claims and added the additional claim that the non-unanimous jury verdict was unconstitutional. [Doc. 7-2, Exhibit 12, pp. 36-47] She apparently perfected writs to the Second Circuit Court of Appeals and on some unspecified date the Court of Appeals granted the writ in part and remanded "several claims" to the District Court for consideration on the merits. On September 26, 2012, the District Court rendered judgment on petitioner's application for post-conviction relief. The judgment noted, among other things the following,

> Mr. Jackson originally filed a pro-se Application for Post Conviction Relief dated June 17, 2007. After several delays, the Second Circuit Court of Appeals ordered this Court to determine if Jackson's application was timely filed; and if so, to conduct an evidentiary hearing to comply with the provisions of La. C.Cr. Pro. Art. 930.4(F). <u>This Court determined that the application was timely filed</u>, and an evidentiary hearing was held on March 26, 2012. Jackson had listed numerous grievances in his application; however, his attorney, Cate Bartholomew, limited Jackson's grounds to ineffectiveness of trial counsel and admission of coroner's perjured testimony. In addition, Ms. Bartholomew filed a Supplemental and Amended Application in which she argued the constitutionality of Jackson's conviction by a 10-2 verdict. [Doc. 7-2, Exhibit 12, pp. 48-50]

Thereafter the Court determined that the claim of ineffective assistance of counsel based upon an alleged conflict of interest was "without merit"; that "there was no evidence revealed at the trial that Dr. McCormick did not perform the autopsy..." and that "there is no evidence that the trial

would have seen a different outcome had another witness testified..." and, that "the issue of perjured testimony was raised by Ward Jackson and fully litigated on appeal"; and, finally, that the claim concerning the unconstitutionality of the jury verdict was untimely having been filed more than two years after petitioner's judgment of conviction became final. [Doc. 7-2, Exhibit 12, pp. 48-50]

On some unspecified date petitioner's attorney filed a writ application in the Second Circuit Court of Appeals. Counsel disputed the statement of the trial court to the effect that she "'... limited Jackson's grounds to ineffectiveness of trial counsel and admission of coroner's perjured testimony.'" Thereafter, she presented argument on each of petitioner's original post-conviction claims as supplemented by her amended application. [Doc. 7-3, Exhibit 13, pp. 1-16]

On February 7, 2013, the Second Circuit granted the writ application and remanded for further proceedings having found "... that the trial court limited the grounds on which the defendant seeks relief to those discussed by the defendant's counsel in the Supplemental and Amended Application for Post-Conviction Relief and the Pre-Hearing Memorandum, the writ is granted and the matter remanded to the trial court to issue a ruling on the grounds presented by the defendant in his pro se application, but not addressed in the judgment." [*State of Louisiana v. Ward Jackson*, No. 48,103-KW and 48,104-KW, Doc. 7-3, Exhibit 14, p. 17]

On February 27, 2013, the Sixth Judicial District Court again denied relief. The Court denied the prosecutorial misconduct claim, the failure to meet with client claim, and the denial of a public trial claim as procedurally defaulted having found that petitioner failed to raise the claim at trial and on appeal; the Court addressed the merits of the remaining claims, as well as the defaulted claims, and found each to lack merit. [Doc. 7-3, Exhibit 15, pp. 18-23]

In the meantime, attorney Cate Bartholomew moved to Florida and petitioner was unable to determine whether or not she perfected writs the Second Circuit Court of Appeals. On April 3, 2013, petitioner filed a notice of intent in the District Court requesting a return date for his writ. [Doc. 7-3, Exhibit 16, pp. 24-27] When he did not receive a response, he corresponded with the Clerk of Court on August 27, 2013. [Doc. 7-3, Exhibit 17, p. 28]

Having received no response from the Clerk [Doc. 1-2, p. 8], he filed his *habeas* petition in this Court on September 15, 2013. Then on November 7, 2013, the trial court issued another order noting that petitioner's notice of intent and motion had been granted and that a return date of May 8, 2013, had been ordered; however, "... service was never made on Petitioner Jackson or his attorney, Cate Bartholomew..." The Court then ordered petitioner to file his writ in the Second Circuit by December 10, 2013. [Doc. 7-3, Exhibit 17, pp. 28-30]

In this proceeding petitioner argues the same claims raised on direct appeal concerning the discovery of the case agent's notes and the failure to grant a new trial, along with the six claims raised in his post-conviction applications. [Docs. 1 and 1-2] He also filed a Motion to Hold these proceedings in abeyance. [Doc. 3]

### *Law and Analysis*

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") codified the jurisprudential rule mandating exhaustion of state court remedies (28 U.S.C. § 2254(b)(1)); provided for a 1–year period of limitations for state prisoners seeking collateral review of their convictions and sentences (28 U.S.C. § 2244(d)); and, placed restrictions on the filing of successive *habeas corpus* petitions (28 U.S.C. § 2244(b)).

As petitioner is apparently aware, before seeking federal *habeas corpus* relief, state

prisoners must first exhaust available state court remedies, by fairly presenting their federal Constitutional claims to the state's courts thereby giving those courts an opportunity to pass upon and correct any Constitutional violations. 28 U.S.C. § 2254(b)(1). The prisoner must fairly present all of his federal claims in each appropriate state court, including the state supreme court even if that court exercises only discretionary review. *Baldwin v. Reese*, 541 U.S. 27, 124 S.Ct. 1347, 158 L.Ed.2d 64 (2004).

*Habeas* petitions presenting unexhausted claims must ordinarily be dismissed, *Rose v. Lundy*, 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982); however, under certain limited circumstances, petitions raising unexhausted claims may be stayed so that the petitioner can return to state court to exhaust state remedies. *Rhines v. Weber*, 544 U.S. 269, 125 S.Ct. 1528, 161 L.Ed.2d 440 (2005). Stays are designed to ensure that state habeas petitioners do not run afoul of the limitations period and the prohibition against successive petitions codified by the AEDPA as noted above. As stated in *Rhines*, however:

> [S]tay and abeyance should be available only in limited circumstances. Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court. Moreover, even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless. Cf. 28 U.S.C. § 2254(b)(2) ('An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State').

*Rhines*, 544 U.S. at 277, 125 S.Ct. at 1535.

It appears that petitioner has demonstrated "good cause" for his failure to exhaust available State Court remedies. Further, the undersigned is not prepared, at this time, to state that

petitioner's unexhausted claims are without merit. Finally, the record submitted by petitioner clearly establishes that petitioner has not engaged in an intentional delay of these proceedings. *Rhines*, 544 U.S. at 277–78).

Therefore, in order to determine an appropriate course of action:

**THE CLERK IS DIRECTED** to prepare summons and serve a copy of

1. The petition for writ of *habeas corpus* and its accompanying memorandum [Docs. 1 and 1-2] and a copy of this Order by **CERTIFIED MAIL** on:

(1) The Attorney General for the State of Louisiana, and,

(2) Warden Burl Cain, Louisiana State Pententiary, and,

by **REGULAR FIRST CLASS MAIL** on:

(3) The District Attorney for the Sixth Judicial District, Madison Parish, Louisiana, where petitioner was convicted and sentenced; thereafter,

**IT IS ORDERED THAT:**

1. This cause shall be **HELD IN ABEYANCE** pending further Order of the Court. **IN THE EVENT THAT RESPONDENT OBJECTS TO ORDER OF ABEYANCE, HE SHALL, WITHIN THIRTY (30) DAYS OF THIS ORDER FILE A BRIEF SETTING FORTH THOSE OBJECTIONS ALONG WITH SUCH EVIDENCE AS IS AVAILABLE TO ESTABLISH THAT PETITIONER IS NOT ENTITLED TO ABEYANCE OF THESE PROCEEDINGS.**

2. Within thirty (30) days of this order, Petitioner shall provide proof that his attempts to seek appellate review of the denial of his application for post-conviction relief remain properly filed and pending; and,

3. On or before ninety (90) days from this order and every ninety (90) days thereafter, Petitioner and Respondent, through the District Attorney, shall advise the Court of the status of petitioner's state post-conviction proceedings.

**Failure to comply with this order may subject the parties to appropriate sanctions.**

In chambers, Monroe, Louisiana, December 26, 2013.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE