UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| **WARD E. JACKSON** | **CA NO. 3:13-CV-2723** |
| **VERSUS** | **JUDGE DONALD E. WALTER** |
| **WARDEN BURL CAIN** | **MAG. JUDGE KAREN L. HAYES** |

## RESPONSE TO OBJECTION TO REPORT AND RECOMMENDATION

NOW INTO COURT, comes the State of Louisiana, through the undersigned Assistant District Attorney for the Sixth Judicial District, Madison Parish, Louisiana, on behalf of the Attorney General for the State of Louisiana, Warden Burl Cain, and the District Attorney, who responds to Petitioner's Objection to the Report and Recommendation, as follows:

**I.    Petitioner's Claims A through F and Claim H:**

Respondent reiterates and re-avers all of its prior arguments regarding Petitioner's claims listed in subsections A through F and G. These claims have been addressed at all appellate levels, as well as in Respondent's original Answer. Petitioner has failed to show that, if relief had been granted for any of the aforementioned complaints, the trial outcome would have differed. For these reasons, the State's response attempts to address and clarify Petitioner's multiple ineffective assistance of counsel claims.

**II.    Ineffective Assistance of Counsel:**

One of Petitioner's many claims for ineffective assistance of counsel centers around his counsel informing the jury of his status as a parolee. Petitioner also avers that his trial counsel did not seek writs on the issue of a continuance and motion for new trial. Finally, Petitioner feels his counsel was ineffective for failing to hire and expert and misrepresenting material facts.

The benchmark for judging any claim of ineffectiveness of counsel is whether counsel's conduct so undermined proper functioning of adversarial process that trial resulted in an unjust outcome prejudicial to the defendant. *Strickland v. Washington*, 466 U.S. 668 (1984). On habeas review, the standard is that whether that determination made by the state court was unreasonable— a higher threshold than that of correctness of the state court's determination. *Knowles v. Mirzayance,* 556 U.S. 111, 123 (2009) Schriro, supra, at 473, 127 S.Ct. 1933. A state court has more latitude to reasonably determine that a defendant has not satisfied that standard. *Id.* citing *Yarborough v. Alvarado*, 541 U.S. 652, 664, 124 S.Ct. 2140, 158 L.Ed.2d 938 (2004). In *Knowles,* the Supreme Court explained that it has never "required defense counsel to pursue every claim or defense, regardless of its merit, viability, or realistic chance for success." *Id.* at 1421-1422.

In the case at bar, Petitioner points out that his defense counsel made the jury aware of Petitioner's status as a parolee. However, the record reflects that there is no conclusive evidence that the jury was prejudiced by this information. The jury contained only one (1) member who stated that Petitioner's prior conviction *may* make a difference.[1] Petitioner has not offered any support for his contention that this situation unfairly prejudiced him in light of the other evidence presented at trial, on which his conviction was based.

Petitioner's assertion that his counsel was inadequate for failing to seek writs on a continuance and motion for new trial is without merit. Ineffective assistance of counsel claims premised on an attorney's failure to file an appeal must be reviewed under a modified version of Strickland. *Roe v. Flores–Ortega*, 528 U.S. 470, 120 S.Ct. 1029, 145 L.Ed.2d 985 (2000); *Coleman v. U.S.*, 32 F. Supp. 3d 519, 523 (D. Del. 2014). Failure or refusal to bring meritless claims on direct appeal is not ineffective assistance of counsel. *U.S. v. Mackey*, 299 F. Supp. 2d

---

[1] See Document No. 19-4, p. 34.

636, 645 (E.D. La. 2004); *Schaetzle v. Cockrell*, 343 F.3d 440, 445 (5th Cir.2003); *United States v. Williamson,* 183 F.3d 458, 463 (5th Cir.1999).  Petitioner still must show that, the conclusion of the state court, that he was not prejudiced, was an unreasonable application of clearly established federal law, as determined by the Louisiana courts.  *Loden v. McCarty*, 778 F.3d 484, 501 (5th Cir. 2015). Petitioner fails to show any facts or law which would establish the state's courts erred in denying his ineffective assistance claim on these grounds.  Moreover, Petitioner fails to show the viability of his claims for a continuance and new trial.  In other words, he has failed to show a prejudicial result of this claim and this claim should fail.

Finally, Petitioner contends his trial counsel was ineffective for failing to hire an expert and misrepresenting material facts.  In ineffective assistance of counsel claims wherein the petitioner alleges his counsel failed to retain an expert, Petitioner must show how that testimony of that expert would benefit him at trial and that such an expert was available.  *U.S. v. Mackey*, 299 F. Supp. 2d 636, 644-45 (E.D. La. 2004). Again, Petitioner has not provided any support for his claim.  Petitioner's original petition, as well as his recently filed objection, do not state what type of expert he feels was necessary and what the proposed testimony of that expert would have been.  Therefore, Petitioner has not met his burden of proof and this claim, too, lacks merit.

As to Petitioner's allegations that his counsel misrepresented facts, Petitioner makes mere allegations of such a claim.  Petitioner's claim seems to allege that his trial counsel made promises to him in exchange for fees; however, Petitioner fails to support those contentions.  If this is the claim Petitioner is making, he has failed to relate such allegations to his attorney's ability to represent him at trial and the effectiveness of that representation.  Therefore, this claim should also be denied.

### III.     Conclusion:

Respondent, the State of Louisiana, again, reiterates and re-avers all previous arguments made in response to Petitioner's claims.  Additionally, it has been stated, and is evident from the state court records and habeas records, that Petitioner has failed to support any claims raised in his petition.  Petitioner's ineffective assistance of counsel claims are mere allegations and are not support by evidence which would lead one to believe that Petitioner's trial outcome would have differed had his counsel's trial strategy differed.  In sum, Petitioner fails to show how he was prejudiced pursuant to any of his habeas claims and, accordingly, the Report and Recommendation of the Magistrate should be adopted.

Respectfully submitted,

By:   *s/Molly F. McEacharn*
Molly F. McEacharn
Assistant District Attorney
501 East Green Street
Tallulah, Louisiana 71282
LSBA # 32582

### CERTIFICATE OF SERVICE

IT IS HEREBY CERTIFIED that a copy of the aforementioned Answer to Petition for Writ of Habeas Corpus was served upon Defendant, Ward Jackson, #101004, Louisiana State Penitentiary, Angola, Lousiana, via prepaid postage.

Tallulah, Louisiana, this 20th day of July, 2015.

*s/Molly F. McEacharn*
Molly F. McEacharn